Pearson, J.
 

 When a defendant in an action for a libel pleads justification, he takes upon himself the burden of proving that the libellous matter is true in point of fact. The defense, under the doctrine of privileged communication, is much broader, and much more favorable to the defendant; for if he succeeds in proving such a relation between himself and the person to whom the communication is made, as au-thorises him to make it, the burden is upon the plaintiff to prove that it was not made
 
 bona fide
 
 in consequence of such relation, but out of malice, and that the existence of such relation was used as a mere cover for his malignant designs. When, however, the plaintiff shows that the matter communicated was false, the qiiestion of
 
 bonafides
 
 becomes an open one, and the defendant is called on for some explanation to meet the infer
 
 *331
 
 ence arising from.tbe fact that lie has communicated false information. For unless it appears ,that be' was mistaken, and bad innocently fallen into error, astbat.be had probable cause to believe wbat be communicated to be true, or took up the impression from wbat bad been told him, or from wbat bad become town gossip, or that the plaintiff’s conduct was so imprudent as to have become a fit subject for observation ; in other words, unless he canpffer some sort of explanation, the fact of the matter communicated being
 
 -false,
 
 puts it out of bis power to say that he made it out of tenderness to the party who bad been left under bis protection, or out of regard to the interests of the party -who bad imposed the charge upon him, and not out of malice. In the consideration of this question, the character and general tone of the communication made, will, of course, be matter for the jury. There is some conflict among the cases, but this we believe to be the principle established by them. It is commended by its good sense, and is certainly calculated to hit the merits of such questions.
 
 Fountain
 
 v. Boodle, 43 E. C. L. Rep. 605.
 

 Tested by this principle, there is error in the charge of his Honor, and the plaintiff has ground to complain of the manner in which the case was put to the jury. His Honor, after holding that the letter was libellous, and that if the evidence ■was believed, the communication was' privileged, tells the jury that, if the defendant wrote the letter in fulfillment “ of the charge confided to him,
 
 córrmmnicaüng what he had hea/rd and believed to be true,
 
 in good faith, and not out of malice, he was not liable.” The statement does not set out any evidence ini regard to what the defendant
 
 had
 
 heard, or any facts tending to show that he did not communicate the matter as being of his own knowledge, or tending to show that he believed it to be true, or had probable cause so to believe. It is error to leave a jury to draw inferences, without evidence.
 

 It is not necessary to advert to the count for verbal slander.
 
 Yenvr'e de novo.
 

 Per Curiam. Judgment reversed,.